| MURRAY, J.,
Concurring.
I do not agree that the trial court ruled on Mr. Lupberger’s Exception of No Cause of Action. When asked if it was ruling on Mr. Lupberger’s exception or on the merits of Mrs. Lupberger’s rule for use and occupancy, the court responded “I’m ruling on the merits.... So I’m going to deny his exception and deny your rules.” The judgment itself does not mention Mr. Lupberger’s exception, but rather states that the rule for use and occupancy was heard, and was denied.
Nor do I agree that McCarroll v. McCarroll, 96-2700 (La.10/21/97), 701 So.2d 1280, would preclude a party from seeking a reconsideration or modification of a previous ruling awarding use and occupancy, or, alternatively, the payment of rent prospectively under the appropriate circumstances.
However, the judgment granting Mr. Lupberger use and occupancy was entered just one month prior to Mrs. Lupberger’s petition for modification of that judgment. She did not request rent at the time that Mr. Lupberger sought and was granted use and occupancy. In addition, Mrs. Lupberger did not seek modification or request rent until after she had been awarded alimony of $10000 per month, plus a rent stipend of $1800 per month, and $2000 to defray the cost of her moving from the family residence. Under these circumstances, the trial court did not abuse 12its discretion in denying Mrs. Lup-berger’s rule for use and occupancy, or, in the alternative, rent.